## C. J. SMITH, Respondent, v. J. H. CARTER & COMPANY, Appellants.

### Kansas City Court of Appeals, April 19, 1909.

CONTRACTS: Consideration: Breach. Certain merchants sold a teaming outfit in which they were interested to a freighter and took his notes payable to their order therefor with the understanding that the freighter was to have their patronage for a year. They subsequently sold out and their vendee secured other parties to do their freighting. *Held*:

(1) The question of the extent of the merchant's interest in the teaming outfit was not material since it was a sufficient consideration for their promise to employ the purchaser to do the hauling.

(2) And while the merchants did not bind themselves not to discontinue their business, yet they were bound to the performance of their contract as to furnishing plaintiff the business.

(3) That on the evidence there was no release by the freighter and he only acted as he should to minimize the damages as much as may be.

(4) That the suit was not prematurely brought.

Appeal from Harrison Circuit Court,—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

136 App—34

*A. S. Cumming* and *J. M. Sallee* for appellants.

(1) Where the evidence introduced by the plaintiff wholly fails to establish his right of action it is the duty of the court to thereupon direct the jury to find a verdict for defendants. Breen v. Cooperage Co., 50 Mo. App. 216; Smith v. Railroad, 37 Mo. 292; Baker v. Schneider, 85 Mo. App. 412; Epperson v. Postal Tel. Co., 155 Mo. 383. (2) Where there is no substantial evidence to support the verdict of the jury the court should on proper motion, set the verdict aside, and for failure to do so judgment will be reversed on appeal. Moore v. Hutchinson, 69 Mo. 429; Howard v. Coshow, 33 Mo. 118; Lewis v. Pallin, 48 Mo. App. 658; Roman v. Boston Trading Co., 87 Mo. App. 192. (3) Where a verdict in favor of plaintiff is without substantial evidence to support it, and on the whole case the defendant is manifestly entitled to a verdict, it is the duty of the court to set aside the verdict, and direct a verdict for defendant. Flanders v. Green, 50 Mo. App. 371; Bank v. Lawson, 87 Mo. App. 42. (4) Where it is impossible by any conceivable application of the evidence, or any part thereof, to reach the result shown by the verdict of the jury, such verdict is clearly the result of bias or prejudice, or mere guess work, and it is the duty of the court to set it aside. Jesse v. Davis, 34 Mo. App. 351; McCartney v. Finnel, 106 Mo. 453; Gage v. Trawick, 94 Mo. App. 311. (5) Where, a right having accrued to a person, such person pursues a course wholly at variance and inconsistent with an intention to preserve and rely upon such right, such person is deemed to have waived such right, and it is the duty of the court to so instruct the jury. State v. Green Tree Co., 32 Mo. App. 276; Pub. Co. v. Hull, 81 Mo. App. 277; Mapes v. Burns, 72 Mo. App. 411; 29 Am. & Eng. Ency. Law (2 Ed.), 1103; Upton v. Stirrbridge Mills, 111 Mass. 453. (6) Where a contract provides that plaintiff shall be permitted to do all of defendant's hauling at

stipulated rates for a certain time, upon suit for breach
of such contract, unless it appears that defendants had
hauling to do upon which the contract would operate,
and which they refused to permit plaintiff to do under
the contract, the verdict must be for defendants, and
any other verdict is erroneous and should be set aside.
Wiggins Ferry Co. v. Railroad, 73 Mo. 289; Wiggins Fer-
ry Co. v. Railroad, 128 Mo. 224.

*J. C. Wilson* and *Garland Wilson,* for respondents,
filed argument.

JOHNSON, J.—This suit was begun before a jus-
tice of the peace to recover damages, laid at $250, sus-
tained from the breach by defendants of a contract be-
tween them and plaintiff. A trial to a jury in the cir-
cuit court where the cause was appealed, resulted in a
verdict and judgment for plaintiff in the sum of $115.
After ineffectually moving for a new trial and in arrest
of judgment, defendants brought the case here by appeal.

Defendants were partners doing business as gen-
eral merchants at Hatfield and Pawnee, small inland
towns in Harrison county. Blythedale was the nearest
railroad station to both towns and defendant had freight
for transportation by wagon between their stores and
the railroad station, in the hauling of which four hor-
ses and two wagons were employed. This hauling
cost them from $900 to $1,300 per year, at the rates
paid. In April, 1906, defendants entered into an oral
contract with plaintiff to sell him the property used
in doing the hauling for $300. This property consisted
of four horses, two wagons, two sets of harness and
a bobsled. Plaintiff executed and delivered to defend-
ants his promissory notes for the purchase price and
afterwards paid the notes with the exception of fifteen
dollars. Plaintiff asserts in his pleadings and proof
that as a part of the contract of sale, defendants em-
ployed him to do all their hauling at a stated rate for

one year and guaranteed that his gross income therefrom would be from $900 to $1,300. Plaintiff did the hauling for three months and received therefor about $280. Defendants then sold their stores and their successors in business gave their hauling to plaintiff a brief period and then made other arrangements.

The solution of the questions arising from the insistence of defendants that their demurrer to the evidence should have been sustained will sufficiently dispose of the case. Defendants contend that the property sold actually belonged, not to them, but to the man who had been doing their hauling. In the negotiations with plaintiff, they treated the property as their own, sold and transferred it to him and accepted his notes made payable to their order in payment of the purchase price. In the instructions, no damages relating to the sale of the property were submitted and the only damages to which the attention of the jury was directed were those relating to the breach of the alleged contract of employment. With the issues thus restricted, the question of who owned the property is unimportant. It appears beyond dispute that defendants had an interest in the sale of the property, enough to constitute its purchase by plaintiff a sufficient consideration for their promise to employ him to do their hauling. We find substantial evidence to the effect that defendants, as a part of the transaction promised to give plaintiff their hauling for one year and finding further that the promise was supported by a consideration, we pass to the question of whether the sale of their business by defendants and the almost immediate refusal of their vendee to continue the employment of plaintiff constituted a breach by them of the contract of employment.

Our construction of the contract as stated by plaintiff is that defendants obligated themselves to give plaintiff all of their hauling for one year and guaranteed that his gross income therefrom would be not less than $900. Defendants argue that they did not bind

themselves not to discontinue the business and, consequently, that all they were required to do after they sold out was to continue to give plaintiff such employment as they might have for him. We do not adopt this narrow construction of the agreement. The true intent of the parties was that plaintiff should do the hauling for the stores during the period specified. That was the real inducement offered to him to purchase the teaming outfit and while defendants had the right to sell their business, they were bound, if they did sell it, to provide for the performance of their contract with plaintiff and their omission to perform this obligation, whatever the cause, constituted a breach of the contract for which plaintiff would have a right of action for the damages sustained. The facts before us differ in essential particulars from those considered by the Supreme Court in Ferry Co. v. Railway, 128 Mo. 224, much relied on by defendants. We find nothing in that case at variance with the conclusion expressed.

We do not agree with defendants that plaintiff released them from the performance of the contract by accepting employment from their vendee. The evidence shows conclusively that plaintiff was not informed of the sale of the stores until after the sale was consummated and that he continued to do the hauling for the stores at the request of defendants. He did not agree, and was not asked, to release defendants from the contract. After the breach, it was his duty to do all he could to minimize his damages, but as we have said, there was no breach until he was deprived of the hauling and before the breach occurred, his reliance on the assurance of defendants that the contract would be performed by their vendee should not be regarded as the expression on his part of an intention to waive his right to hold them to the performance of the contract.

We find no merit in the contention that the suit was prematurely brought. The demurrer to the evidence was properly overruled. The instructions to the jury

are in harmony with the views expressed and declare the correct rule for measuring the damages and the amount assessed as damages is warranted by the evidence. There is no error in the record and accordingly the judgment is affirmed. All concur.